CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 06 2013

JULIA C. DUDLEY, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MITCHELL JEROME FERGUSON, | ) | CASE NO. 7:13CV00237 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HENRY PONTON, JR., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Mitchell Jerome Ferguson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the January 2010 judgment of the Circuit Court for the City of Roanoke under which he stands convicted of robbery, use of a firearm, and possession with intent to distribute, and sentenced to a total of 33 years, suspended after serving 15 years. Upon review of the record, the court summarily dismisses the petition as untimely filed.[1]

## Background

Ferguson's petition and court records available online indicate that the Circuit Court for the City of Roanoke entered judgment against Ferguson in this case on January 6, 2010. Ferguson's appeal to the Court of Appeals of Virginia was unsuccessful (Record No. 0229-10-3), and his subsequent appeal to the Supreme Court of Virginia (Record No. 110608) was dismissed for procedural reasons on September 8, 2011. Ferguson did not file a petition for a writ of habeas corpus in the state courts or a petition for a writ of certiorari to the United States Supreme Court.

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief."

Ferguson signed and dated his § 2254 petition on May 19, 2013. He alleges that trial counsel was ineffective for presenting testimony from an alibi witness at trial before investigating its accuracy. By order entered May 24, 2013, the court notified Ferguson that his § 2254 petition appeared to be untimely and that he had failed to provide sufficient facts in support of his claim. The order directed him to submit within 20 days any additional argument or evidence concerning the timeliness of his § 2254 petition or why he failed to submit that petition within the allotted time and also gave him 20 days to offer additional facts regarding his claims. Ferguson then filed an amended § 2254 petition.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[2] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Ferguson's conviction became final for purposes of § 2244(d)(1)(A) on December 7, 2011, when his opportunity to file a petition for a writ of certiorari to the United States Supreme Court expired. See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court). Thus, on December 7, 2011, his one-year period to file a § 2254 petition started to run. That period expired on December 6, 2012. Ferguson did not sign and date his § 2254 petition until May 19, 2013, more than six months after the limitation period expired. Thus, his petition is untimely under § 2244(d)(1)(A).

Ferguson asserts in his petition that he is submitting "new evidence," apparently attempting to argue that his filing period should be calculated under § 2244(d)(1)(D). The "new evidence" to which Ferguson refers is an affidavit he signed on May 14, 2013, stating:

> On or about January 23, 2009, I Mitchell Jerome Ferguson, made a mistake when I implicated Collin Anthony Rice, as the person I was around on the above date in reference to being my alibi witness. In addition, I truly apologize for my mistake which resulted from a crack cocain[e] usage.

(§ 2254 Pet. Ex. B.) According to the amended petition, Ferguson told his attorney that he had seen Rice at the time of a robbery that occurred on January 23, 2009. During the trial in January 2010, counsel called Rice to testify as Ferguson's alibi witness related to that robbery. On rebuttal, the Commonwealth called an officer from the Roanoke City Jail, who testified that according to jail records, Rice had been incarcerated at the jail on January 23, 2009, and could not have seen Ferguson that day, as Rice had testified. At that point in the trial, Ferguson changed his not guilty plea to a no contest plea. Ferguson asserts that if counsel had performed a background check on Rice, neither Ferguson nor Rice would have testified at trial.

3

Section 2244(d)(1)(D) allows a petitioner to bring a timely § 2254 claim within one year of the date on which he discovered a specific piece of new evidence necessary to his claim. This section only applies, however, if petitioner also shows that he exercised "due diligence" in seeking to uncover the new evidence. Ferguson makes no such showing. With due diligence, he could have produced his new evidence — his own affidavit about his mistaken identification of Rice as his alibi — at any time after the January 2010 trial. Therefore, he has not demonstrated grounds on which his petition could be deemed timely under § 2244(d)(1)(D). He also fails to allege facts indicating that his claim could be considered timely under § 2244(d)(1)(B) or (C).

Finally, Ferguson attempts to invoke equitable tolling. Under this doctrine, Ferguson can avoid the time bar only if he can show (A) that he is actually innocent, McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1931 (2013); or (B) that he has diligently pursued a judicial remedy but extraordinary circumstances beyond his control prevented him from meeting the deadlines, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Ferguson asserts that he is actually innocent. If a § 2254 petitioner makes a "credible showing of actual innocence," he may pursue his habeas claims even if the statute of limitations has expired. McQuiggin, 133 S. Ct. at 1931. This exception to the time bar applies only if Ferguson demonstrates that in light of new and reliable evidence not presented at trial "it is more likely than not that no reasonable juror would have convicted him." Id. at 1935.

As stated, the new evidence Ferguson offers in this petition is his own affidavit about his misidentification of Rice as his alibi. He asserts that if counsel had discovered the mistake before trial, neither he nor Rice would have testified. Ferguson fails to show, however, that

4

absent testimony from Rice and himself, the state's evidence would not have been sufficient to support a finding of guilt on the robbery charge. Ferguson's decision to enter a plea of nolo contendere, by its own terms, indicates that he believed the state's evidence was sufficient to support a guilty verdict. Thus, Ferguson fails to demonstrate that it is more likely than not that no reasonable juror would have convicted him based on his new evidence, and also fails to make a colorable claim of actual innocence. As Ferguson makes no other equitable tolling argument, the court concludes that his petition must be summarily dismissed as untimely filed.[3] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 6th day of August, 2013.

*Jon Conrad*
Chief United States District Judge

---

[3] The court notes that Ferguson's claim of ineffective assistance could also be dismissed for failure to exhaust state court remedies, as required under § 2254(b), based on his failure to present his claim to the state courts in a petition for a writ of habeas corpus before bringing it to federal court.